IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES ANDRE COVERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 5:14-cv-60-MTT-CHW |
| | : | |
| ALAN CARTER, JERRY JEFFERSON, | : | |
| and NOBLES, | : | |
| | : | WRIT OF MANDAMUS |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Petitioner James Andrew Coverson has filed a Petition for Writ of Mandamus in this Court. (Doc. 1.) Petitioner has also filed a motion to proceed *in forma pauperis*. (Doc. 2.) For purposes of dismissal only, Petitioner's motion to proceed without the prepayment of the filing fee is hereby **GRANTED.**

The Eleventh Circuit has held that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." *United States v. Uribe*, 486 F. App'x 823, 824 (11th Cir. 2012) (citations and quotations omitted). A writ of mandamus should only be issued when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Davis v. U.S.*, --- F. App'x ---, 2014 WL 889616, **1 (11th Cir. 2014) (citation omitted).

Because the Petitioner is filing his Motion in the federal district court, his use of mandamus is limited. Title 28, United States Code § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." (Emphasis added.) Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb Cnty. Sup. Ct*, 474 F.2d 1275, 1276 (5th Cir.1973).[1]

Here, Petitioner states that he was attacked by four Muslim inmates while at Autry State Prison,[2] while he was in general population.  He claims that the men who attacked him were then put back into general population less than twenty-four hours later, by authorization of Defendant Warden Alan Carter. (Doc. 1.)  Petitioner also contends that Defendants Carter, Deputy Warden Jerry Jefferson, and Deputy Warden Nobles "keep placing [his] life in danger by putting [him] back on the same side [of the prison] as the very inmates [he] was assaulted by" instead of transferring him to another prison or work camp.  (*Id.*)  Petitioner further alleges that the Defendants failed to do the following: 1) give him a segregation hearing within 72 hours of being placed in segregation; 2) to provide him with spoons for his meals; 3) to provide him dinner for two days; and 4) to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[2] Petitioner notified the Court that he was transferred to the Coffee County Correctional Facility as of February 25, 2014. (Doc. 5.)

give him yard call.[3]  (*Id.*)  Petitioner's request for relief is that this Court order the Defendants, all of whom are employees of the Autry State Prison, to "abide by the Standard Operating Procedures set by the Georgia Department of Corrections as well as state and federal laws." (*Id.*)  Petitioner states that the granting of this petition is necessary because he is being deprived of basic human rights.

The Petitioner's claims fail to state a legitimate basis for mandamus relief under 28 U.S.C. § 1361.  First, Plaintiff fails to allege any duty owed to him which would require the Court to compel intervention on his behalf.  Furthermore, Petitioner's request fails to establish any duty owed to him by any *federal agency or employee*.  Lastly, Petitioner has been transferred from Autry State Prison, where the alleged acts took place, to the Coffee County Correctional Facility.  The transfer of Petitioner to a different penal facility moots his requests for mandamus relief.  *See McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir.1984) (prisoner's transfer to a different jail moots his claim for declaratory and injunctive relief even when prisoner argues that "there is no assurance that he will not be returned to the [first] jail"); *McAlpine v. Thompson,* 187 F.3d 1213 (10th Cir.1999) (prisoner's claim for mandamus relief moot once he was placed on supervised release); *Marrie v. Nickels*, 70 F.Supp.2d 1252, 1259 (D. Kan. 1999) (military prisoners' claim for mandamus relief moot when they were transferred to another federal facility).  As such, Petitioner's Petition for Mandamus must fail.

---

[3] This is the Court's best attempt at deciphering Petitioner's claims, as Petitioner's Petition for Mandamus is handwritten and somewhat illegible.

ACCORDINGLY, it is hereby recommended that Petitioner's Motion for Mandamus relief be **DENIED** and this case dismissed. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO ORDERED**, this 21st day of March, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge